IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THEDA RUSCH BALL, )
)
    Plaintiff, )  Case No. 3:13-1129
) Chief Judge Haynes
v. )
)
COMMUNITY HEALTH SYSTEMS, )
INC., COMMUNITY HEALTH )
SYSTEMS PROFESSIONAL CORP., )
LEXINGTON HOME CARE SERVICES, )
LLC, d/b/a REGIONAL HOME CARE, )
McKENZIE, COMMUNITY HEALTH )
UNITED HOME CARE, LLC, )
)
    Defendants. )

# ORDER

Plaintiff, Theda Rusch Ball, filed this action asserting claims of employment discrimination and retaliation against the Defendants: Community Health Systems, Inc. Lexington Home Care Services, LLC doing business as Regional Home Care, McKenzie, Community Health Systems Professional Corp., and Community Health United Home Care, LLC.

Before the Court is the Defendant Lexington Home Care Services, LLC's motion to transfer (Docket Entry No. 20), contending that this Defendant does business as Regional Home Care in McKenzie, Tennessee and under 28 U.S.C. § 1404, this action should be transferred to the Western District of Tennessee, Jackson Division. The Defendant asserts that Plaintiff, Theda Rusch Ball, resides in the Western District, where her claims in this action arose. In response, Plaintiff asserts that her choice of venue controls unless the Defendants show that the Western District has stronger ties to this controversy.

1

Plaintiff, a former employee of the Defendant McKenzie, was a home health care nurse at the Defendant's facility in McKenzie, Tennessee from January 25, 2010 until October 15, 2012, the date of Plaintiff's discharge. The Defendant McKenzie allegedly terminated Plaintiff after complaints from patients and patients' families about Plaintiff's services to at least nine (9) patients. Bonnie Pate, Plaintiff's supervisor also worked at Defendant's facility in McKenzie, Tennessee.

Here, Plaintiff's employment duties were in the Western District. The patients to whom she provided services, are in the Western District. Plaintiff's supervisor is in the Western District. The alleged patient complaints about Plaintiff's performance occurred in the Western District and those persons are not the Defendant's employees. Plaintiff's discharge allegedly was because of those complaints. The events giving rise to the claims in this action occurred in the Western District. The Court concludes that the venue and significant non-party witnesses are in the Western District of Tennessee.

For these reasons, the Defendant McKenzie's motion to transfer (Docket Entry No. 20) is **GRANTED**, and this action is **TRANSFERRED** to the Western District of Tennessee, Jackson Division.

It is so **ORDERED**.

**ENTERED** this the 23rd day of July, 2014.

_____
WILLIAM J. HAYNES, JR.
Chief United States District Judge